IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE HUBERT | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| WYNDHAM HOTELS AND RESORTS, | ) |
| LLC, D/B/A SUPER 8 BY WYNDHAM | ) |
| GOODLAND, | ) |
| | ) |
| Defendant. | ) |

PURSUANT TO CHAPTER 60 OF K.S.A.

## COMPLAINT

Plaintiff by and through the attorneys of record, Brendan P. Lykins and Richard W. James of DeVaughn James Injury Lawyers state and allege the following against Defendant:

### A. PARTIES

1. Plaintiff is a citizen of the State of Kansas, who is domiciled at 1125 Walnut St., El Dorado, Kansas 67042.

2. Upon information and belief, Defendant, Wyndham Hotels and Resorts, LLC, d/b/a Super 8 by Wyndham Goodland ("Super 8") is a foreign limited liability company organized under the laws of the State of Delaware. It may be served through its resident agent Corporate Creations Network Inc. at 4601 E. Douglas Ave., #700, Wichita, KS 67218, and the members/partners are all citizens of New Jersey as they are all domiciled in New Jersey.

### B. JURISDICTION AND VENUE

3. This Court has proper jurisdiction and venue over the parties and subject matter.

4. Venue is proper in the Wichita division of the Kansas Federal District Court.

5. This action is brought pursuant to 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs and on the basis of diversity of citizenship.

## C. NATURE OF ACTION

6. Plaintiff adopts and incorporates by reference paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. At all relevant times, Defendant was the owner of the premises and operator of the Super 8 By Wyndham located at 2520 Commerce Rd., Goodland, KS 67735.

8. On January 21, 2020, was a guest staying at the Super 8.

9. On January 21, 2020 at approximately 7:00 a.m., Plaintiff was attempting to walk down fifteen stairs in an enclosed area of the hotel.

10. Plaintiff slipped and fell on the slick stairway at the Super 8 owned and operated by Defendant.

11. As a result of the fall, Plaintiff suffered injury, harms and losses.

12. At all times material to these matters, the defendant, individually and by and through its employee and/or agents, had a non-delegable duty to properly and safely inspect and maintain the common areas of the Super 8 hotel, including the stairwell leading to the main level where heavier pedestrian traffic was or should have been anticipated.

## D. CAUSE OF ACTION - NEGLIGENCE

13. Plaintiff adopts and incorporates by reference paragraphs 1 through 11 of this Complaint as if fully set forth herein.

14. Defendant negligently created or maintained a hazardous condition.

15. Defendant knew or should have known of this hazardous condition.

16. Defendant negligently failed to properly inspect and maintain the hotel, particularly in those areas where heavier pedestrian traffic was or should have been anticipated.

17. Defendant negligently failed to warn its consumers of the hazardous condition that was in existence on the floor of its stairway.

18. Defendant's employees and/or agents negligently failed to fix or provide adequate warning of the dangerous condition.

19. Defendant is vicariously liable for the negligence, omissions and fault of its employees and agents in the performance of their employment duties and responsibilities.

20. Through principles of respondeat superior and vicarious liability, Defendant is responsible for the negligence of its employees and agents.

21. At all times relevant herein, Plaintiff was exercising reasonable care.

22. No act or omission on the part of Lawrence Hubbert caused or contributed to this fall or any of the resulting personal injuries or other damages sustained and suffered by the Plaintiff.

23. As a direct result of the negligence, omissions and fault of the Defendant, individually or by and through its employees and/or agents, Plaintiff has been made to sustain and suffer serious personal injuries; has had to incur necessary medical care and treatment to date; has had to incur the reasonable expenses of the necessary medical care and treatment to date; will have to receive additional necessary medical care and treatment in the future and sustain the reasonable costs associated with the same; has been made to sustain past and future pain, suffering, and mental anguish; has sustained permanent disabilities; and has sustained permanent disfigurement, all in an amount that is in excess of $75,000.00.

24.     The Plaintiff is entitled to judgment against the Defendant in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: /s/ *Brendan P. Lykins*
Brendan P. Lykins, #26098
Richard W. James, #19822
32441 N. Toben
Wichita, KS 67226
[p] (316) 977-9999
[f] (316) 425-0414
blykins@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiffs*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and trial by a jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COME NOW the plaintiffs and designates Wichita, Kansas as the place for trial of this matter.

By: /s/ *Brendan P. Lykins*
Brendan P. Lykins, #26098
Richard W. James, #19822
32441 N. Toben
Wichita, KS 67226
[p] (316) 977-9999
[f] (316) 425-0414
blykins@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiffs*